U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2018 SEP 13  PM 1: 20

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| DANIEL S. SHAFFER, in his<br>Capacity as the Administrator of the<br>Estate of Jared T. Shaffer, Late, of<br>Hardwick, Vermont,<br><br>      Plaintiff,<br><br>      *v.*<br><br>THE UNITED STATES OF AMERICA;<br>HEARTBEET LIFESHARING<br>CORPORATION; and<br>NORTHEAST KINGDOM HUMAN<br>SERVICES, INC.<br><br>      Defendants. | Civil Action File No. 2:18-CV-147- CR |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Daniel S. Shaffer, in his capacity as the Administrator of

the Estate of Jared T. Shaffer, Late of Hardwick, Vermont, by and through his

attorneys Barr, Sternberg, Moss, Silver & Munson, P.C., in an action against

Defendants the United States of America, Heartbeet Lifesharing Corporation, and

Northeast Kingdom Human Services, Inc., and states the following:

## I.   NATURE OF THE CASE

1. This Complaint against the United States of America is brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680, for negligent medical care and wrongful death by Peter Sher, MD, and the United States of America.

## II.   PARTIES

2. Plaintiff Daniel S. Shaffer is the duly appointed, qualified, and acting Administrator of the Estate of Jared Shaffer (a copy of the Appointment is attached hereto as Exhibit 1), and a surviving parent of Jared T. Shaffer, the decedent.

3. Plaintiff Daniel S. Shaffer, at all times relevant, was and currently is a resident of Greenwich in the County of Fairfield and the State of Connecticut.

4. Jared T. Shaffer was, at all times relevant, a resident of Hardwick in the County of Caledonia and the State of Vermont, and died in Hardwick, Vermont on April 18, 2017.

5. Peter Sher, MD (hereinafter "Dr. Sher"), upon information and belief, is a resident of the County of Caledonia and the State of Vermont, and was an employee and agent for the United States of America for the purpose of the care he provided to Jared T. Shaffer from 2011 until Jared T. Shaffer's death on April 18, 2017.

6.    Plaintiff brings this suit against Defendant the United States of America,
      pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671–2680, for
      negligent acts and omissions in connection with the medical care of Jared T.
      Shaffer by Dr. Sher, an employee of Hardwick Area Health Center, Inc.
      (hereafter "HAHC"), a federally qualified community health center, and thus
      an employee and/or agent of the United States of America.

7.    Defendant Heartbeet Lifesharing Corporation is a duly incorporated
      domestic nonprofit corporation in the State of Vermont, incorporated in 2001,
      with a principal place of business located at 218 Town Farm Road, in the
      Town of Hardwick, County of Caledonia, State of Vermont.

8.    Defendant Northeast Kingdom Human Services, Inc. is a duly incorporated
      domestic non-profit corporation in the State of Vermont, incorporated in
      1960, with a principal place of business located at 181 Crawford Road, in the
      Town of Derby, County of Orleans, State of Vermont.

### III.    JURISDICTION AND VENUE

9.    Dr. Sher, at all times relevant to this Complaint, was a licensed physician
      specializing in family medicine and employed in such capacity by HAHC, a
      federally qualified community health center.

10.   This court has jurisdiction over the United States of America because this
      action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b),
      2671-80, commonly known as the Federal Tort Claims Act, which vests

exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

11. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Christina E. Nolan, United States Attorney for the District of Vermont, by certified mail, return receipt requested, at her office:

> United States Courthouse and Federal Building
> Post Office Box 570
> 11 Elmwood Avenue, Third Floor
> Burlington, Vermont 05402-0570

And by serving a copy of the Summons and Complaint on Jefferson Beauregard Sessions, Attorney General of the United States, by certified mail, return receipt requested, at:

> The Attorney General's Office
> **ATTN:** Civil Process Clerk
> United States Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

12. This court has jurisdiction over Defendant Heartbeet Lifesharing Corporation pursuant to 28 U.S.C. § 1367(a). As this court has original jurisdiction over Defendant the United States of America, and all claims against Defendant Heartbeet Lifesharing Corporation are so related to the

claims against the United States of America that they form part of the same case or controversy under Article III of the United States Constitution, jurisdiction is proper under 28 U.S.C. § 1367(a).

13. This court has jurisdiction over Defendant, Northeast Kingdom Human Services, Inc. pursuant to 28 U.S.C. § 1367(a). As this court has original jurisdiction over Defendant the United States of America, and all claims against Defendant Northeast Kingdom Human Services, Inc. are so related to the claims against the United States of America that they form part of the same case or controversy under Article III of the United States Constitution, jurisdiction is proper under 28 U.S.C. § 1367(a).

14. Venue is proper in this district because, pursuant to 28 U.S.C. §§ 1391(b)(2)–(b)(3), Defendant Heartbeet Lifesharing Corporation and Defendant Northeast Kingdom Human Services, Inc. are duly incorporated domestic non-profit corporations in the State of Vermont. Venue is also proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

15. Venue is proper in this district because, pursuant to 28 U.S.C. §§ 1391(e)(1), the United States is a Defendant, Jared T. Shaffer resided in this district, and no real property is involved in this action.

## IV.    LIABILITY OF THE UNITED STATES

16.    At all times relevant to this Complaint, HAHC was a federally qualified community health center receiving federal funding under § 330 of the Public Health Services Act ("PHSA"), 42 U.S.C. § 254(b) and deemed by the Secretary of the United States Department of Health and Human Services (hereinafter "DHHS") to be a Public Health Service employee for the purpose of § 224 of the PHSA, 42 U.S.C. § 233.

17.    As an employee of HAHC, a federally qualified community health center, Dr. Sher was an employee and/or agent of the United States for all care provided at HAHC.

18.    Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages alleged in this Complaint were proximately caused by the medical negligence of Dr. Sher, an employee and/or agent of the United States of America working for HAHC, which is a federally qualified health center, and Dr. Sher was acting within the scope of his office, employment, and/or agency, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

19.    The substantive law of Vermont applies to this lawsuit.

20.    Jared T. Shaffer was a patient of Dr. Sher at HAHC.

21. Dr. Sher was, at all relevant times when providing care to Jared T. Shaffer, an employee or agent of HAHC, acting within the scope of his employment or authority as an agent of the United States of America. The United States of America is, therefore, an appropriate Defendant.

## V.    JURISDICTIONAL PREREQUISITES

22. The undersigned attorney, as counsel for Plaintiff, submitted to DHHS a Notice of Claim form ("Standard Form 95") which was received in the DHHS claims office on March 6, 2018; well under two years from the date of Jared T. Shaffer's death on April 18, 2017, as required by 28 U.S.C. § 2401(b). A copy of the letter acknowledging receipt of Plaintiff's administrative tort claim is attached hereto as Exhibit 2.

23. Standard Form 95 administratively presented to the United States stated a "sum certain" of fifteen million dollars ($15,000,000.00) for all claims asserted.

24. Plaintiff exhausted his administrative remedies pursuant to 28 U.S.C. § 2675(a) as six months have passed since the filing of the latest Notice of Claim Forms ("Standard From 95") and no settlement offer or denial of claim has been made by DHHS.

25. A Certificate of Merit, pursuant to 12 V.S.A. § 1042, is attached hereto as Exhibit 3.

26. This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 233(g), and the FTCA, 28 U.S.C. §§ 1346(b)(1), 2401(b) and 2671–2680.

27. This court has supplemental jurisdiction of this action pursuant to 28 U.S.C. § 1367(a).

28. Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this lawsuit against the United States and other named defendants.

## VI.   FACTS

29. Plaintiff Daniel S. Shaffer was appointed Administrator of the Estate of Jared T. Shaffer on July 11, 2017 by the Vermont Superior Court, Caledonia Unit, Probate Division.

30. Jared T. Shaffer was a twenty-six (26) year old developmentally disabled adult with the cognitive development of a five to seven-year-old.

31. Jared T. Shaffer was survived by his parents, Daniel S. Shaffer and Susan R. Gilberg, who are his next-of-kin.

32. Jared T. Shaffer required care, supervision, and assistance twenty-four hours per day, seven days per week.

33. On April 18, 2017, Jared T. Shaffer, while a resident thereof, died at Defendant Heartbeet Lifesharing Corporation's Therapeutic Community

Residence located at 218 Town Farm Road in the Town of Hardwick, County of Caledonia, State of Vermont.

34. Jared T. Shaffer's death was caused by undiagnosed testicular cancer which metastasized throughout his lungs, liver, and lymph nodes.

35. Had proper medical care been sought and/or received at any time during the course of Jared T. Shaffer's testicular cancer, up to and including the day prior to his death, Jared T. Shaffer would not have died.

36. Had Dr. Sher provided medical care in accordance with the applicable standards of care, Jared T. Shaffer would have enjoyed the normal life expectancy of a man of his age and health without testicular cancer.

37. On April 18, 2017 and at all times relevant hereto, Jared T. Shaffer was a resident of Defendant Heartbeet Lifesharing Corporation's Therapeutic Community Residence.

38. On April 18, 2017 and at all times relevant hereto, Dr. Sher was Jared T. Shaffer's primary physician.

39. On April 18, 2017 and at all times relevant hereto, Dr. Sher was employed at HAHC.

40. On April 18, 2017 and at all times relevant hereto, HAHC was a federally qualified health center.

41. Dr. Sher, who cared for and treated Jared T. Shaffer as a patient at HAHC, at all times material hereto, was an actual and/or apparent agent and/or

employee of Defendant the United States of America and was acting in the course of and within the scope of said agency and/or employment at all times during which he provided care and treatment for Jared T. Shaffer.

42. Dr. Sher, who cared for and treated Jared T. Shaffer while he was a patient at HAHC, at all times material hereto, owed to Jared T. Shaffer the duty to exercise the degree of care and skill ordinarily exercised by a reasonably skillful, careful, and prudent physician engaged in similar practices under the same or similar circumstances as presented herein.

43. At the time of and prior to Jared T. Shaffer's death, Defendant Dr. Sher failed to exercise the care and skill exercised by a reasonably skillful, careful, and prudent physician engaged in similar practices under the same or similar circumstances, and those acts and omissions, singularly or in combination with others, were a direct and proximate cause of Jared T. Shaffer's death.

44. Jared T. Shaffer was admitted on or about March 2009 for care, supervision, and assistance to Defendant Heartbeet Lifesharing Corporation's Therapeutic Community Residence, located at 218 Town Farm Road, Hardwick, Vermont, and resided there until his untimely death on April 18, 2017.

45. Jared T. Shaffer's admittance and residency to Defendant Heartbeet Lifesharing Corporation's Therapeutic Community Residence was governed

by a contract, entitled "Admission Agreement," between Defendant
Heartbeet Lifesharing Corporation and Jared T. Shaffer.

46. The employees who cared for Jared T. Shaffer while he was a resident at
Defendant Heartbeet Lifesharing Corporation's Therapeutic Community
Residence, at all times material hereto, owed a duty to Jared T. Shaffer to
provide care, support, supervision, and assistance to Jared T. Shaffer.

47. At the time and prior to Jared T. Shaffer's death, Defendant Heartbeet
Lifesharing Corporation's employees failed to exercise the care and skill
exercised by reasonably skillful, careful, and prudent caregivers engaged in
similar practices under the same or similar circumstances, and those acts
and omissions, singularly or in combination with others, were a direct and
proximate cause of Jared T. Shaffer's death.

48. The employees who cared for Jared T. Shaffer while he was a resident at
Defendant Heartbeet Lifesharing Corporation's Therapeutic Community
Residence, at all times material hereto, were actual and/or apparent agents
and/or employees of Defendant Heartbeet Lifesharing Corporation, and were
acting in the course of, and within the scope of, said agency/employment at
all times during which it provided care for Jared T. Shaffer.

49. On April 18, 2017 and at all times relevant hereto, Defendant Heartbeet
Lifesharing Corporation and its employees were subject to the rules and
regulations adopted by the State of Vermont's Agency of Human Services,
Department of Disabilities, Aging and Independent Living, pursuant to 33

V.S.A. §7117, including but not limited to the Licensing and Operating Regulations for Therapeutic Community Residences.

50. Had Heartbeet Lifesharing Corporation provided care in accordance with the applicable standards of care, Jared T. Shaffer would have been provided timely and appropriate medical treatment for his testicular cancer and, thus, would have enjoyed a normal life expectancy for a man of his age.

51. On April 18, 2017 and at all times relevant hereto, Jared T. Shaffer was receiving Home and Community Based Services from Defendant Northeast Kingdom Human Services, Inc.

52. On April 18, 2017 and at all times relevant hereto, Jared T. Shaffer's Home and Community Based Services from Defendant Northeast Kingdom Human Services, Inc. were governed by the terms of a contract, entitled "Individual Support Agreement".

53. On April 18, 2017 and at all times relevant hereto, Michael Montgomery was an employee and/or agent of Defendant Northeast Kingdom Human Services, Inc. and was Jared T. Shaffer's assigned Service Coordinator.

54. On April 18, 2017 and at all times relevant hereto, Defendant Northeast Kingdom Human Services, Inc. was subject to the rules and regulations promulgated by the Vermont Agency of Human Services, Department of Disabilities, Aging and Independent Living.

55.   Service Coordinator Michael Montgomery, who cared and supervised services for Jared T. Shaffer while he was a client of Defendant Northeast Kingdom Human Services, Inc., at all times material hereto was an actual and/or apparent agent and/or employee of Defendant Northeast Kingdom Human Services, and was acting in the course of, and within the scope of, said agency/employment at all times during which it provided care and services for Jared T. Shaffer.

56.   Service Coordinator Michael Montgomery, who cared and supervised services for Jared T. Shaffer while he was a client of Defendant Northeast Kingdom Human Services, Inc., at all times material hereto owed Jared T. Shaffer the duty to exercise the degree of skill ordinarily exercised by reasonably skillful, careful, and prudent caseworkers engaged in similar practices under the same or similar circumstances as presented herein in providing care and services for Jared T. Shaffer.

57.   At the time and prior to Jared T. Shaffer's death, Defendant Northeast Kingdom Human Services, Inc.'s employees failed to exercise the care and skill exercised by reasonably skillful, careful, and prudent caregivers engaged in similar practices under the same or similar circumstances, and those acts and omissions, singularly or in combination with others, were a direct and proximate cause of Jared T. Shaffer's death.

58.   Had Northeast Kingdom Human Services, Inc. conformed to the applicable standards of care, Jared T. Shaffer would have been provided timely and

appropriate medical treatment for his testicular cancer and, thus, would have enjoyed a normal life expectancy for a man of his age.

## COUNT 1: NEGLIGENCE (SURVIVAL ACTION)—UNITED STATES OF AMERICA

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 above, as if fully set forth herein.

60. By reason of Jared T. Shaffer's status as a patient of Dr. Sher, Dr. Sher, as an agent and employee of the United States of America, owed to him a duty to exercise the degree of care and skill ordinarily exercised by a reasonably skillful, careful, and prudent physician engaged in similar practices under the same or similar circumstances as presented herein in his care and treatment of Jared T. Shaffer, whether or not within the State of Vermont.

61. Dr. Sher, for whom the United States of America is legally responsible, lacked the degree of knowledge or skill ordinarily possessed by the reasonable, skillful, careful, and prudent physician engaged in a similar practice under the same or similar circumstances and failed to exercise the degree of care ordinarily exercised by the reasonable, skillful, careful and prudent physician when he:

    a. Failed to properly examine Jared T. Shaffer at regularly scheduled well visits;

b. Failed to take into account Jared T. Shaffer's cognitive development during treatment;

c. Allowed Jared T. Shaffer, a mentally disabled adult with the cognitive development of a five to seven-year-old, to refuse medical care without informing his legal guardians, the therapeutic care community, or the designated agency; and

d. Failed to properly investigate Jared T. Shaffer's extreme weight-loss and persistent cough.

62.  As a direct and proximate result of Dr. Sher's negligence—breach of the standard of care and failure to discharge his obligations to Jared T. Shaffer— Jared T. Shaffer suffered injuries that he would not otherwise have suffered, which accelerated the deterioration of his physical and mental health and caused him catastrophic injuries, extreme pain and suffering, mental anguish and emotional distress, fear, terror, loss of quality and enjoyment of life, and his premature death on April 18, 2017.

63.  Plaintiff is entitled to recover the aforesaid damages directly and proximately occasioned by the negligence of Dr. Sher, pursuant to 14 V.S.A. §§ 1452courtcourt–1453.

## COUNT 2: WRONGFUL DEATH—UNITED STATES OF AMERICA

64.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63 above, as if fully set forth herein.

65.    The aforesaid negligence of Dr. Sher was a direct and proximate cause of
       Jared T. Shaffer's death.

66.    Under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491–1492, and by
       reason of the doctrines of *respondeat superior* and/or apparent agency, the
       Defendant United States of America is liable for the wrongful death of Jared
       T. Shaffer and for such pecuniary damages as are just under the
       circumstances, including funeral and burial expenses.

67.    As a direct and proximate result of the of the negligence of Dr. Sher and the
       wrongful death of Jared T. Shaffer, Jared T. Shaffer's parents—Daniel S.
       Shaffer and Susan R. Gilberg—have suffered the destruction of the parent-
       child relationship and have forever lost their son's love, affection, society,
       solace, comfort, and companionship, and have suffered and will continue to
       suffer overwhelming grief and anguish. Under Vermont's Wrongful Death
       Act, 14 V.S.A. §§ 1491–1492, the aforesaid damages are recoverable by
       Plaintiff Daniel S. Shaffer as Administrator of the Estate.

## COUNT 3: NEGLIGENCE (SURVIVAL ACTION)—HEARTBEET LIFESHARING CORPORATION

68.    Plaintiff repeats and realleges each and every allegation contained in
       paragraphs 1 through 67 above, as if fully set forth herein.

69. Defendant Heartbeet Lifesharing Corporation held itself out to the Vermont Department of Disabilities, Aging, and Independent Living and to the public at large as being:

   a. Skilled;

   b. Properly staffed, supervised, and equipped to meet the total needs of its residents in a safe and secure environment; and

   c. Able to specifically meet the total nursing, medical, supervision, and cognitive needs of Jared T. Shaffer and other residents like him.

70. By reason of Jared T. Shaffer's admittance to its therapeutic community residence, Defendant Heartbeet Lifesharing Corporation owed to him a duty to furnish that skill, supervision, medical care, and safe environment which a reasonably prudent therapeutic community residence would have provided under the same or similar circumstances.

71. Defendant Heartbeet Lifesharing Corporation's employees, agents, and others for whom it was responsible failed to discharge its obligations of care to Jared T. Shaffer. The following constitutes a non-exclusive list of acts and/or omissions of Defendant Heartbeet Lifesharing Corporation, which singularly or in combination, resulted in the failure to discharge its obligation to Jared T. Shaffer:

   a. Failure to comply with current regulations for the licensing and operation of a therapeutic community residence;

b. Failure to provide or arrange necessary services to meet Jared T. Shaffer's personal, psychosocial, nursing, and medical care needs;

c. Failure to assist in the scheduling of medical appointments;

d. Failure to treat and/or follow-up on medical problems identified in Jared T. Shaffer's medical examination records;

e. Failure to ensure that a sufficient number of qualified personnel were available at all times to provide necessary care, to maintain a safe and healthy environment, and to ensure prompt, appropriate action in cases of injury, illness, or other emergencies;

f. Failure to ensure that staff providing direct care to residents had sufficient competency and training in order to adequately detect the need for medical care and/or intervention; and

g. Failure to adhere to recordkeeping and reporting regulations.

72. As a direct and proximate result of Defendant Heartbeet Lifesharing Corporation's breach and failure to discharge its obligations to Jared T. Shaffer, he suffered injuries that he would not otherwise have suffered, which accelerated the deterioration of his health, physical and mental conditions and caused him catastrophic injuries, extreme pain and suffering, mental anguish and emotional distress, fear, terror, loss of quality and enjoyment of life and his premature death on April 18, 2017.

73. Plaintiff is entitled to recover the aforesaid damages directly and proximately occasioned by the negligence of Defendant Heartbeet Lifesharing Corporation's employees, pursuant to 14 V.S.A. §§ 1452–1453.

74. Defendant Heartbeet Lifesharing Corporation, Inc. is liable for any and all damages attributable to the aforesaid negligent acts and/or omissions of its employees under the doctrine of *respondeat superior* and/or apparent agency.

## COUNT 4: NEGLIGENCE *PER SE* (SURVIVAL ACTION)—HEARTBEET LIFESHARING CORPORATION

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74 above, as if fully set forth herein.

76. Defendant Heartbeet Lifesharing Corporation was at all times material to this action required to comply with the rules and regulations promulgated by the Vermont Agency of Human Services, Department of Disabilities, Aging and Independent Living, Division of Licensing and Protection, including but not limited to, Licensing and Operating Regulations for Therapeutic Community Residences.

77. By engaging in conduct detailed herein, Defendant Heartbeet Lifesharing Corporation violated applicable State and Local rules, regulations, and laws.

78. Jared T. Shaffer fell within the class of persons that the applicable State and Local rules, regulations and laws were intended to protect.

79. As a direct and proximate result of Defendant Heartbeet Lifesharing Corporation's violation of the aforesaid rules, regulations, and laws, Jared T. Shaffer suffered injuries that he would not otherwise have suffered, which accelerated the deterioration of his physical and mental health, and caused him catastrophic injuries, extreme pain and suffering, mental anguish and emotional distress, fear, terror, loss of quality and enjoyment of life, and his premature death on April 18, 2017.

80. Plaintiff is entitled to recover the aforesaid damages directly and proximately occasioned by the negligence *per se* of Defendant Heartbeet Lifesharing Corporation's employees, pursuant to 14 V.S.A. §§ 1452-1453.

81. Defendant Heartbeet Lifesharing Corporation, Inc. is liable for any and all damages attributable to the aforesaid negligent acts and/or omissions of its employees under the doctrine of *respondeat superior* and/or apparent agency.

## COUNT 5: WRONGFUL DEATH—HEARTBEET LIFESHARING CORPORARTION

82. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81 above, as if fully set forth herein.

83. The aforesaid negligence of the employees of Defendant Heartbeet Lifesharing Corporation was a direct and proximate cause of Jared T. Shaffer's death.

84.    Under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491-1492, and by reason of the doctrines of *respondeat superior* and/or apparent agency, Defendant Heartbeet Lifesharing Corporation is liable for the wrongful death of Jared T. Shaffer and for such pecuniary damages as are just under the circumstances, including funeral and burial expenses.

85.    As a direct and proximate result of the of the negligence of the employees of Defendant Heartbeet Lifesharing Corporation and the wrongful death of Jared T. Shaffer, his parents—Daniel S. Shaffer and Susan R. Gilberg—have suffered the destruction of the parent-child relationship and have forever lost their son's love, affection, society, solace, comfort, companionship, and have suffered and will continue to suffer overwhelming grief and anguish. Under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491-1492, the aforesaid damages are recoverable by Plaintiff Daniel S. Shaffer as Administrator of the Estate.

## COUNT 6: BREACH OF CONTRACT—HEARTBEET LIFESHARING CORPORATION

86.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 85 above, as if fully set forth herein.

87.    Implicit in the written agreement by and between Jared T. Shaffer and Defendant Heartbeet Lifesharing Corporation was the requirement that both parties exercise good faith and reasonable efforts to perform the conditions of the agreement.

88. Defendant Heartbeet Lifesharing Corporation breached the agreement in that it failed to use good faith and reasonable attempts to provide Jared T. Shaffer with the skill, supervision, medical care, and safe environment to which he was entitled under the written agreement and applicable State and Local rules, regulations, and laws.

89. Jared T. Shaffer performed all obligations on his part under the contract.

90. As a direct and proximate result of the breach by Defendant Heartbeet Lifesharing Corporation, Jared T. Shaffer suffered damages including but not limited to unpaid wages, the deterioration of his physical and mental health, medical costs, funeral and burial expenses, and other amounts to be proven at trial.

# COUNT 7: NEGLIGENCE (SURVIVAL ACTION)—NORTHEAST KINGDOM HUMAN SERVICES, INC.

91. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 91 above, as if fully set forth herein.

92. Defendant Northeast Kingdom Human Services held itself out to the Vermont Department of Disabilities, Aging, and Independent Living and the public at large as being:

   d. Skilled;

    e. Properly staffed, supervised, and equipped to meet the total needs of its clients; and

    f. Able to specifically meet the total support, medical, supervision and cognitive needs of Jared T. Shaffer and other clients like him.

93. By reason of Jared T. Shaffer's acceptance as a client, Defendant Northeast Kingdom Human Services, Inc. owed to him a duty to furnish that skill, supervision, medical care, and support which a reasonably prudent service provider would have provided under the same or similar circumstances.

94. Defendant Northeast Kingdom Human Services, Inc.'s employees, agents and others for whom it was responsible failed to discharge its obligations to Jared T. Shaffer. The following constitutes a non-exclusive list of acts and/or omissions of Defendant Northeast Human Service, Inc., which singularly or in combination resulted in the failure to discharge its obligation to Jared T. Shaffer:

    a. Failure to ensure that Jared T. Shaffer was provided with necessary health services;

    b. Failure to monitor and/or follow-up on recommendations of medical professionals;

    c. Failure to ensure that Jared T. Shaffer received proper medication prescription and administration; and

    d. Failure to ensure that Jared T. Shaffer received proper cancer screenings.

95. As a direct and proximate result of Defendant Northeast Kingdom Human Services, Inc.'s employee's breach and failure to discharge its obligations to Jared T. Shaffer, Jared T. Shaffer suffered injuries that he would not otherwise have suffered, which accelerated the deterioration of his physical and mental health and caused him catastrophic injuries, extreme pain and suffering, mental anguish and emotional distress, fear, terror, loss of quality and enjoyment of life, and his premature death on April 18, 2017.

96. Plaintiff is entitled to recover the aforesaid damages directly and proximately occasioned by the negligence of Defendant Northeast Kingdom Human Services, Inc.'s employees, pursuant to 14 V.S.A. §§ 1452-1453.

97. Defendant Northeast Kingdom Human Services, Inc. is liable for any and all damages attributable to the aforesaid negligent acts and/or omissions of its employees under the doctrine of *respondeat superior* and/or apparent agency.

## COUNT 8: NEGLIGENCE PER SE (SURVIVAL ACTION)—NORTHEAST KINGDOM HUMAN SERVICES, INC.

98. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 97 above, as if fully set forth herein.

99. Defendant Northeast Kingdom Human Services, Inc. was at all times material to this action required to comply with the rules and regulations

promulgated by the Vermont Agency of Human Services, Department of Disabilities, Aging and Independent Living.

100. By engaging in conduct detailed here in, Defendant Northeast Kingdom Human Services, Inc. violated applicable State and Local rules, regulations, and laws.

101. Jared T. Shaffer fell within the class of persons that the applicable State and Local rules, regulations, and laws are intended to protect.

102. As a direct and proximate result of Defendant Northeast Kingdom Human Services Inc.'s, violation of the aforesaid rules, regulations, and laws, Jared T. Shaffer suffered injuries that he would not otherwise have suffered, which accelerated the deterioration of his physical and mental health and caused him catastrophic injuries, extreme pain and suffering, mental anguish and emotional distress, fear, terror, loss of quality and enjoyment of life, and his premature death on April 18, 2017.

103. Plaintiff is entitled to recover the aforesaid damages directly and proximately occasioned by the negligence *per se* of Defendant Northeast Kingdom Human Services, Inc.'s employees, pursuant to 14 V.S.A. §§ 1452-1453.

104. Defendant Northeast Kingdom Human Services, Inc. is liable for any and all damages attributable to the aforesaid negligent acts and/or omissions of its employees under the doctrine of *respondeat superior* and/or apparent agency.

COUNT 9: WRONGFUL DEATH—NORTHEAST KINGDOM HUMAN SERVICES, INC.

105. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 104 above, as if fully set forth herein.

106. The aforesaid negligence of the employees and/or agents of Defendant Northeast Kingdom Human Services, Inc. was a direct and proximate cause of Jared T. Shaffer's death.

107. Under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491-1492, and by reason of the doctrines of *respondeat superior* and/or apparent agency, Defendant Northeast Kingdom Human Services, Inc., is liable for the wrongful death of Jared T. Shaffer and for such pecuniary damages as are just under the circumstances, including funeral and burial expenses.

108. As a direct and proximate result of the of the negligence of the employees of Defendant Northeast Kingdom Human Services, Inc. and the wrongful death of Jared T. Shaffer, his parents—Daniel S. Shaffer and Susan Gilberg—have suffered the destruction of the parent-child relationship, have forever lost their son's love, affection, society, solace, comfort, companionship, and have suffered and will continue to suffer overwhelming grief and anguish. Under Vermont's Wrongful Death Act, 14 V.S.A. §§ 1491-1492, the aforesaid damages are recoverable by Plaintiff Daniel S. Shaffer as Administrator of the Estate.

## COUNT 10: BREACH OF CONTRACT—NORTHEAST KINGDOM HUMAN
### SERVICES, INC.

109. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 108 above, as if fully set forth herein.

110. Implicit in the written agreement by and between Jared T. Shaffer and Defendant Northeast Kingdom Human Services, Inc. was the requirement that both parties exercise good faith and reasonable efforts to perform the conditions of the agreement.

111. Defendant Northeast Kingdom Human Services, Inc. breached the agreement in that it failed to use good faith, reasonable attempts to provide Jared T. Shaffer with the skill, supervision, medical care, and safe environment to which he was entitled under the written agreement and applicable State and Local rules, regulations, and laws.

112. Jared T. Shaffer performed all obligations on his part under the contract. .

113. As a direct and proximate result of the breach by Defendant Northeast Kingdom Human Services, Inc., Jared T. Shaffer suffered damages including but not limited to unpaid wages, the deterioration of his physical and mental health, medical costs, funeral and burial expenses, and other amounts to be proven at trial.

WHEREFORE, Plaintiff Daniel S. Shaffer, Administrator of the Estate of Jared T. Shaffer, claims and seeks to recover damages, pursuant to 14 V.S.A. §§ 1452-1453,

1491-1492, an award of post-judgment interest, and all other costs and damages

permitted by law in an amount that is fair, just, and adequate as determined by the

trier of fact.

**THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated at Bennington, Vermont this 11th day of September____, 2018.

BARR, STERNBERG, MOSS, SILVER &
MUNSON, P.C.

By: _____
David F. Silver, Esq.
507 Main Street
Bennington, Vermont 05201
Telephone:   (802) 442-6341
Facsimile:    (802) 442-1151
Email:          dsilver@barrsternberg.com
VT Bar No. 2438

*COUNSEL FOR PLAINTIFF*
*DANIEL S. SHAFFER, ADMINISTRATOR*
*ESTATE OF JARED T. SHAFFER*